# UNITED STATES DISTRICT COURT
# DISTRICT OF FLORIDA

| | |
|---|---|
| Kenneth Menzer, on Behalf of Himself and All Others Similarly Situated | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| | ) Case No.: |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. | ) **DEMAND FOR JURY TRIAL** ) ) |
| Defendants. | ) ) |

## COMPLAINT-CLASS ACTION

Plaintiff Kenneth Menzer ("Menzer" or "Plaintiff"), by his attorneys, on behalf of himself and the Class set forth below, alleges the following upon information and belief, except for those certain allegations that pertain to Plaintiff, which are based on Plaintiff's personal knowledge.

## NATURE OF THE ACTION

1.      This action relates to certain defective Samsung[1] home washing machines that have an inherently dangerous defect. These washing machines "explode," or suffer catastrophic failure during a given machine's normal usage because of a design defect and/or manufacturing flaw.

---

[1] Defined below.

1

2.     On or about March 2015, Menzer purchased one of the subject Samsung washing machines (model number WA48H7400AW/A2) from hhgregg, Inc. in Wellington, Florida.

3.     On November 4, 2016, Samsung began a recall (Recall # 17-028) of 34 distinct models (the "Recalled Washing Machine(s)"), all being models of Samsung top-load washing machines, including the model purchased by Plaintiff as described above. A listing of the model numbers for the Recalled Washing Machines is attached hereto as Exhibit 1. The stated reason for the recall is that "[t]he [Samsung] washing machine top can unexpectedly detach from the washing machine chassis during use, posing a risk of injury from impact." The recall bulletin further notes that "Samsung has received 733 reports of washing machines experiencing excessive vibration or the top detaching from the washing machine chassis. There are nine related reports of injuries, including a broken jaw, injured shoulder, and other impact or fall-related injuries." *See*, http://www.cpsc.gov/recalls/2017/samsung-recalls-top-loading-washing-machines.

4.     The remedies provided in Samsung's recall bulletin allow consumers the option of any one of the following: (1) an in-home repair or retrofit that includes reinforcement of the washer's top and a free one-year extension of the manufacturer's warranty; (2) a rebate to be applied towards the purchase of a new Samsung or other brand of washing machine, along with free installation of the new unit and removal of the old unit; or (3) a full refund for consumers who purchased their washing machine within the past thirty days of the recall announcement. *See*, *id.*

5.      None of the options were available to the Plaintiff because: (1) the retrofit that Samsung proposes does not actually fix the defect in the machine so that Plaintiff can use the machine as they intended at purchase; (2) the rebate would have paid for a fraction of the cost of replacement; and (3) Plaintiff purchased his machine more than thirty days prior to the recall.

6.      Plaintiff brings this action on behalf of himself and other purchasers of the Recalled Washing Machines in the United States, its possessions, or territories from March 2011 to November 2016. Plaintiff seeks relief in the form of: (1) an injunction against Defendants from any further sales of the Recalled Washing Machines and to take such other remedial action as may otherwise be requested herein; and (2) money damages to adequately and reasonably compensate owners of the Recalled Washing Machines who have, through no fault of their own, purchased defective and dangerous Samsung washing machines.

## **PARTIES**

7.      Plaintiff Menzer is a citizen of the State of Florida and a resident of Delray Beach, Florida.

8.      Defendant Samsung Electronics Co., Ltd. Is a South Korean corporation headquartered in Seoul, South Korea. On information and belief, Samsung Electronics Co., Ltd. designs, manufactures, and distributes the Recalled Washing Machines for sale in this District. At all times relevant hereto, Samsung Electronics Co., Ltd. was in the business of distributing, marketing, promoting, and selling the recalled Washing Machines described herein throughout the United States and in this District. Thus,

Samsung Electronics, Co., Ltd. purposely directed its conduct towards this District and at all times relevant engaged in a continuous course of business in this District by selling thousands of its washing machines and other consumer goods in this District every year.

9.     Defendant Samsung Electronics America, Inc. is a New York corporation with headquarters in Ridgefield Park, New Jersey and is a wholly-owned subsidiary of Samsung Electronics, Co., Ltd. Samsung Electronics America, Inc. is the warrantor of the products designed, manufactured, and distributed by Samsung Electronics Co., Ltd., and acts as Samsung Electronics Co., Ltd.'s agent in the processing of warranty claims related to defects in the manufacturing or materials used by Samsung Electronics Co., Ltd. during the manufacturing process. At all times relevant hereto, Samsung Electronics America, Inc. was in the business of distributing, marketing, promoting, and selling the Recalled Washing Machines described herein throughout the United States and in this District. Samsung Electronics America, Inc. engages in a continuous course of business in this District and based upon information and belief sells thousands of washing machines and other consumer goods in this District on an annual basis. Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. are referred to collectively herein as "Samsung" or "Defendants"

## JURISDICTION AND VENUE

10.     This Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2). The claims of the Class members in this class action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, and the total number of members of the proposed Class is believed to be greater than 100.

11. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred in this District and the Defendants are subject to jurisdiction here and regularly conduct business in this District.

## FACTUAL ALLEGATIONS

12. On November 4, 2016, Samsung announced a "recall involve[ing] 34 models of Samsung top-load washing machines. The Recalled Washing Machines have mid-controls or rear-controls. [The model numbers and serial information can be found on two labels affixed to the back of the machine." https://www.cpsc.gov/recalls/2017/samsung-recalls-top-load-washing-machines. The Recalled Washing Machines are detailed by model number on Exhibit 1 attached hereto. The stated reason for the recall is that "[t]he [Samsung] washing machine top can unexpectedly detach from the washing machine chassis during use, posing a risk of injury from impact." The recall bulletin further notes that "Samsung has received 733 reports of washing machines experiencing excessive vibration or the top detaching from the washing machine chassis. There are nine related reports of injuries, including a broken jaw, injured shoulder, and other impact or fall-related injuries." *See*, *id*.

13. Samsung's recall allows owners of Recalled Washing Machines the option of any one of the following: (1) an in-home repair that includes reinforcement of the washer's top and a free one-year extension of the manufacturer's warranty; (2) a rebate to be applied towards the purchase of a new Samsung or other brand washing machine, along with free installation of the new unit and removal of old unit; or (3) a full refund

for consumers who purchased their washing machine within the past 30 days of the recall announcement.

14.     Menzer purchased one of the Recalled Washing Machines (model number WA48H7400AW/A2) on or around March 2015 from hhgregg Inc. in Wellington, Florida. Menzer purchased his Recalled Washing Machine new, and at the time it was in excellent condition without any perceivable damage or defect. Moreover, Menzer used his Recalled Washing Machine solely for its intended purpose as a personal home appliance until November 4, 2016, when Samsung announced the recall. Menzer contacted Samsung regarding the recall and requested an in-home repair of his Recalled Washing Machine under the terms of the Recall.

15.     While Samsung's recall notice claims they offer three options for consumers who purchased the Recalled Washing Machines to get relief, the truth is, they offer none. Despite Samsung's extensive experience with recalling products, Samsung is making life as difficult as possible for consumers who were unfortunate enough to purchase one of their Recalled Washing Machines.

16.     First, the repair option is not viable for any consumer. This is because the repair option is not, in fact, a repair at all. In an effort to reduce costs, Samsung has contracted with local entities to reinforce or replace the lid of the Recalled Washing Machines with a retrofit. The retrofit is designed to, in theory, stop the lid of the machine from cracking or exploding, however it does nothing to fix the underlying excessive vibration issues and customers are still not able to use the washing machines on heavy settings that would typically be used to wash bedding or heavier garments. As a result,

even after Samsung has provided the repair option, consumers are still left with a Recalled Washing Machine that is unfit for use.

17.     Instead of using appliance repair companies to institute the retrofit, Samsung has hired local subcontractors who are essentially handymen. For example, in many areas, Samsung is using Dish Network subcontractors, whose job primarily consists of installing television satellite dishes on residences, to install the new washing machine lids.

18.     Samsung's repair option does not use individuals qualified to repair or evaluate the safety of the Recalled Washing Machines. The repairmen simply come to your house and snap on a new lid. In some cases, like Plaintiff's, the technician also places new decals and warning stickers on the machine warning customers not to use certain settings. Several consumers have claimed the process takes less than fifteen (15) minutes.

19.     In addition, in many instances, it is difficult, if not impossible, to get Samsung to provide the repair option. When consumers request that Samsung repair their machine, it often takes weeks or months for a repair person to come and make the retrofit. At times, Samsung has refused to provide the repair at all.

20.     Under the terms of Samsung's agreement with the Consumer Products Safety Commission, Samsung is required to fully refund or replace a Recalled Washing Machine if they repair the machine and the repair is ineffective. *See*, http://www.click2houston.com/consumer/feds-say-samsung-not-following-consumer-product-safety-commission-agreement. For this reason, and upon information and belief,

7

Samsung is deliberately making it as difficult as possible for individuals to have their Recalled Washing Machines repaired because it exposes Samsung to having to offer a comparable replacement once consumers discover that the repair is ineffective.

21.     The rebate option is equally as insulting as the repair option. The rebates that Samsung offers to consumers are often times a fraction of the cost that consumers actually paid for their Recalled Washing Machines, and after multiple frustrating interactions with Samsung, it becomes apparent that it is difficult, if not impossible, to get Samsung to provide consumers with relief that would allow them to use their washing machines as they were intended to be used. The pittance of a rebate that Samsung is offering to consumers for their Recalled Washing Machines does not make consumers whole, or come anywhere close to doing so.

22.     Lastly, the full replacement option for those who purchased a Recalled Washing Machine within thirty (30) days of the recall notice being issued is not being honored by Samsung. Upon information and belief, those who attempt to take advantage of this option are referred back to the store from which they purchased the Recalled Washing Machine. If the store will not replace the Recalled Washing Machine, then Samsung tells consumers that the third option is not available to them, even though the recall notice claims they are eligible for a full refund or replacement.

23.     In summary, Menzer and other consumers are left with Recalled Washing Machines that are not truly being recalled. Consumers must spend hours on the phone with Samsung representatives, make multiple phone calls, find other means to wash their clothes, all to end up with a broken machine or facing the financial difficulty of

purchasing a non-defective machine from one of Samsung's competitors. That is the true end result of Samsung's recall.

## THE RECALLED WASHING MACHINES

24.     The Recalled Washing Machines at issue in this action all have high-speed "direct-drive" mechanisms that spin the washer tub at speeds of approximately 1100 revolutions per minute.  The framing and dampening system of the Recalled Washing Machines is inadequate to withstand the force generated by each such machine's direct drive system.

25.     The models of Samsung's Recalled Washing Machines include the following:

> WA40J3000AW/A2   WA45H7000AP/A2   WA45H7000AW/A2
> WA45H7200AW/A2   WA45K7600AW/A2   WA45K7100AW/A2
> WA48H7400AW/A2   WA48J7700AW/A2   WA48J7770AP/A2
> WA48J7770AW/A2   WA50K8600AV/A2   WA50K8600AW/A2
> WA52J8700AP/A2   WA52J8700AW/A2   WA400PJHDWR/AA
> WA422PRHDWR/AAWA456DRHDSU/AAWA456DRHDWR/AA
> WA476DSHASU/A1   WA476DSHAWR/A1WA484DSHASU/A1
> WA484DSHAWR/A1  WA48H7400AP/A2   WA50F9A6DSW/A2
> WA50F9A7DSP/A2   WA50F9A7DSW/A2  WA50F9A8DSP/A2
> WA50F9A8DSW/A2  WA52J8060AW/A2   WA5451ANW/XAA
> WA5471ABP/XAA    WA5471ABW/XAA  WA56H9000AP/A2
> WA56H9000AW/A2

26.     The Recalled Washing Machines at issue range in price from approximately $450.00 to $1,500.00 and come with an express one-year manufacturer's warranty.

27.     As explained above, this case involves Recalled Washing Machines that, in many instances, "explode."  When the Recalled Washing Machines explode, they do so with such force that the machines are irreparably damaged.  Indeed, the force of the

9

explosion is capable of seriously injuring people and damaging property, which Samsung has been aware of, rendering the Recalled Washing Machines unsafe for ordinary use.

28.     Because of the inherent safety risk, the recall now includes a "Home Label Kit" or stickers that state that "consumers should only use the delicate or waterproof cycles when washing bedding, water-resistant and bulky items. The lower spin speed in the delicate or waterproof cycles lessens the risk of the washing machine top unexpectedly detaching from the washing machine chassis." *See*, https://www.cpsc.gov/recalls/2017/samsung-recalls-top-load-washing-machines. However, even on the lower spin speeds, the Recalled Washing Machines can still experience dangerously excessive vibration.

29.     Even if a consumer is able to have Samsung "repair" their defective washing machine, they are still unable to use it for its intended purpose. After the repair is completed, Samsung advises consumers not to use the washing machines on heavy settings that would typically be used to wash bedding or heavier garments. In essence, Samsung has left consumers with the choice of using a defective product for the life of the product (regardless of whether the recall's reinforcement measures are applied or not), accepting a rebate that is often well below the amount it costs to actually replace a defective machine, or simply doing without.

30.     The defects in the Recalled Washing Machines are latent defects respecting the design of the machines and/or the manufacturing process related to the Recalled Washing Machines and such defects would not reasonably be discoverable by consumers when purchasing any of the Recalled Washing Machines. These latent defects relate

principally to the Recalled Washing Machines having structural and design defects in their framing and dampening systems which can cause the tubs to loosen and become projectiles over time. Such defects in the Recalled Washing Machines manifest only after the point of sale and such manifestation often occurs outside of Samsung's express warranty period of one year.

31. In selling the Recalled Washing Machines, Samsung provided a uniform, express one-year factory warranty against manufacturing defects in materials and workmanship. This express warranty further protects against defects in the tub for three years, as well as defects in the direct drive system for 10 years. The warranty for the Recalled Washing Machines is offered on a take-it-or-leave-it basis, and consumers are not afforded an opportunity to negotiate for more favorable terms in the warranty because of the parties' relative bargaining power. In addition to the express warranty described above, Samsung marketed, advertised, and warranted that the Recalled Washing Machines were of merchantable quality and fit for their intended purpose. Samsung further marketed, advertised, and warranted that the Recalled Washing Machines were free from defects and the Recalled Washing Machines did not pose an unreasonable risk to persons or property.

32. Samsung knew that the Recalled Washing Machines were prone to these defects and, therefore, that the Recalled Washing Machines were inherently defective, unmerchantable and unfit for their intended use. Beginning as early as 2011, Samsung received high numbers of consumer complaints related to the Recalled Washing Machines for problems with their spin cycles, high vibrations, breaking springs, and even

explosions related to the Recalled Washing Machines' spin cycles.  Moreover, Samsung has known that the exploding Washing Machines cause actual physical injury to consumers since no later than approximately October 24, 2013, when a woman in California was physically injured by a Samsung Washing Machine explosion. This incident lead Samsung to inspect him washing machine on November 22, 2013.

## CLASS ALLEGATIONS

33.     Plaintiff brings this suit as a class action on behalf of himself and on behalf of others similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3) (the "Class").  The proposed Class consists of:

> All residents of the United States and its territories or possessions who purchased a new Recalled Washing Machine or otherwise acquired a Recalled Washing Machine from March 2011 to November 2016, primarily for household use and not for resale.

34.     Menzer also bring this suit as a class action on behalf of the following subclass ("Florida Subclass"):

> All residents of the State of Florida who purchased a new Recalled Washing Machine or otherwise acquired a Recalled Washing Machine from March 2011 to November 2016, primarily for household use and not for resale.

35.     Unless otherwise indicated, the Class and the Florida Subclass are referred to herein jointly as the "Class."

36.     The members of the Class are so numerous that joinder is impracticable. Samsung is one of the largest manufacturers of residential washing machines in the world and it sells many thousands of residential washing machines annually in the United States

and in the State of Florida through retailers such as, Lowe's, The Home Depot, Best Buy and Sears.

37.     Plaintiff's claims are typical of the claims of the entire Class because Plaintiff purchased a new Recalled Washing Machine on November 16, 2015.

38.     Plaintiff will fairly and adequately represent and protect the interests of the other Class members for purposes of Fed. R. Civ. P. 23(a)(4).  Plaintiff has no interests antagonistic to those of other Class members.  Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent them.

39.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class, including, but not limited to:

          a.     whether the Recalled Washing Machines pose unreasonable safety risks to consumers;

          b.     whether Defendants knew, or should have known, that the products it sold into the stream of commerce pose unreasonable safety risks to consumers;

          c.     whether Defendants concealed the safety risks that the Recalled Washing Machines pose to consumers;

          d.     whether the safety risks that the Recalled Washing Machines pose to consumers constitute material facts that reasonable purchasers would have considered in deciding whether to purchase a washing machine;

          e.     whether the Recalled Washing Machines possess material defects;

f.      whether Defendants knew or should have known of the inherent defects in the Recalled Washing Machines when it placed them into the stream of commerce;

g.      whether Defendants concealed the defects from consumers;

h.      whether the existence of the defects are material facts reasonable purchasers would have considered in deciding whether to purchase a washing machine;

i.      whether the Recalled Washing Machines are merchantable;

j.      whether the Recalled Washing Machines are fit for their intended use;

k.      whether Defendants were unjustly enriched by the sale of defective Recalled Washing Machines to the Plaintiff class;

l.      whether any false warranties, misrepresentations, and material omissions by Samsung concerning its defective Recalled Washing Machines caused Class Members' injuries; and

m.      whether Defendants should be enjoined from further sales of the Recalled Washing Machines.

40.      Class certification under Fed. R. Civ. P. 23(b)(3) is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged.  Plaintiff know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

41.      Class members have suffered and will suffer irreparable harm and damages as a result of Defendants' wrongful conduct.

## FIRST CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

42. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

43. The Recalled Washing Machines owned by Plaintiff and Class Members were defectively designed and manufactured and pose serious and immediate safety risks to consumers and the public.

44. These defects were present in such machines at the point of sale of the Recalled Washing Machines.

45. Such defects place consumers and the public at serious risk for their own safety when the Recalled Washing Machines are used in consumers' homes.

46. At all times relevant hereto, Samsung was under a duty imposed by law requiring that a manufacturer's product be reasonably fit for the ordinary purposes for which the product is used, and that the product be acceptable in trade for the product description. This implied warranty of merchantability is part of the basis for the bargain between Samsung, on the one hand, and Plaintiff and Class Members, on the other.

47. Notwithstanding the aforementioned duty, at the time of delivery, Samsung breached the implied warranty of merchantability in that the Recalled Washing Machines were defective and posed a serious safety risk at the time of sale, would not pass without objection, are not fit for the ordinary purposes for which such goods are used (safely washing clothes in a residential setting), and failed to conform to the standard performance of like products used in the trade.

48. Samsung knew or should have known that the Recalled Washing Machines pose a safety risk and are defective and knew or should have known that selling the Recalled Washing Machines to Plaintiff and Class Members constituted a breach of the implied warranty of merchantability.

49. As a direct and proximate result of Defendants' breaches of the implied warranty of merchantability, Plaintiff and Class Members bought the Recalled Washing Machines without knowledge of their defects or their serious safety risks.

50. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and Class Members purchased unsafe products which could not be used for their intended purpose including washing bedding, water-resistant items, and bulky items in a residential setting.

51. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and Class Members have suffered damages and did not receive the benefit of their bargain.

52. Samsung was unjustly enriched by keeping the profits for the unsafe products while never having to incur the cost of repair, replacement, retrofit, or a recall.

53. The defectively designed Recalled Washing Machines purchased by Plaintiff and all other Class Members are unfit for their intended and ordinary purposes because they are prone to break and even explode when operated as instructed and intended by Defendants.

54. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and all the Class Members have suffered loss.

## SECOND CAUSE OF ACTION
### NEGLIGENCE

55.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

56.     Samsung owed a duty to Plaintiff and Class Members to design, manufacture, produce, test, inspect, market, distribute, and sell the Recalled Washing Machines with reasonable care and in a workmanlike fashion, and had a duty to protect Plaintiff and Class Members from foreseeable and unreasonable risks of harm. Samsung breached that duty by, among other things, defectively designing, manufacturing, testing, inspecting and distributing the Recalled Washing Machines.

57.     Samsung unreasonably failed to provide appropriate and adequate warnings and instructions about its defective Washing Machines, and this failure was a proximate cause of the harm for which damages are sought. In addition, at the time the Recalled Washing Machines left its control, Samsung knew, or in the exercise of reasonable care should have known, its defective Washing Machines posed a substantial risk of harm to the life and property of its customers. And at the time the Recalled Washing Machines left its control, Samsung knew, or in the exercise of reasonable care should have known, the Recalled Washing Machines it designed, manufactured, produced, tested, inspected, marketed, distributed, and sold, created an unreasonable safety risk and would fail to perform as intended.

58.     Samsung acted unreasonably in designing the Recalled Washing Machines, and this conduct was a proximate cause of the harm for which damages are sought.

Further, at the time the Recalled Washing Machines left the control of Samsung, it unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Washing Machines. Furthermore, at the time the Recalled Washing Machines left the control of Samsung, their design was so defective that a reasonable person, aware of the relevant facts, would not use or purchase a Washing Machine of this design.

59.     Samsung knew, or in the exercise of reasonable care should have known, that the Recalled Washing Machines created unreasonable safety risks. Samsung further knew, or in the exercise of reasonable care should have known, that the Recalled Washing Machines could cause property damage, personal injury, and/or death.

60.     Based on this knowledge, Samsung had a duty to disclose to Plaintiff and Class Members, the serious safety risks posed by the Recalled Washing Machines and the defective nature of the Recalled Washing Machines.

61.     Samsung had a further duty not to put the defective Recalled Washing Machines on the market and has a continuing duty to replace its unsafe Recalled Washing Machines, remove them from the market and seek a recall of them from consumers. Samsung has failed to do this, and in fact, upon information and belief, the Recalled Washing Machines can still be purchased from retailers today.

62.     Samsung failed to exercise reasonable care with respect to the design, manufacture, production, testing, inspection, marketing, distribution and sale of the

Recalled Washing Machines by, among other things, failing to design and manufacture the Recalled Washing Machines in a manner to ensure that, under normal intended usage, they would not pose unreasonable risk to life and property.

63.     Samsung failed to exercise reasonable care in failing to warn, or to warn adequately and sufficiently, either directly or indirectly, Plaintiff and Class Members of the Defects in the Recalled Washing Machines.

64.     Samsung failed to exercise reasonable care when it knew of the safety risks the Recalled Washing Machines posed and actively concealed those risks from Plaintiff and Class Members.

65.     Samsung failed to exercise reasonable care when it knew of the safety risks the Recalled Washing Machines posed and failed to replace, repair or recall the Recalled Washing Machines that it knew were unsafe and defective.

66.     As a direct and proximate result of Samsung's negligence, Plaintiff and Class Members bought the Recalled Washing Machines without knowledge of their defective nature or of their serious safety risks.

67.     As a direct and proximate result of Samsung's negligence, Plaintiff and Class Members purchased unsafe products which could not be used for their intended use.

68.     As a direct and proximate result of Samsung's negligence, Plaintiff and Class Members have suffered damages.

69.     Plaintiff and Class Members seek to recover the damage caused by Samsung.  Given Samsung's conscious disregard for the safety of Plaintiff and Class Members, they also seek an award of exemplary damages.

### THIRD CAUSE OF ACTION
**BREACH OF EXPRESS WARRANTY**

70.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

71.     Samsung is, and at all times relevant was, a merchant with respect to washing machines.

72.     As set forth above, Samsung had knowledge of the defects alleged herein and that they pose serious safety risks to consumers like Plaintiff and Class Members.

73.     Despite that knowledge, at all times relevant, Samsung expressly warranted in writing that its Washing Machines were "warranted by SAMSUNG against manufacturing defects in materials and workmanship."

74.     In its warranty to customers, Samsung also warrants in writing that it provides the following warranties: one year parts and labor; two years control board parts; three years stainless steel tub part; and ten years motor components.

75.     The Recalled Washing Machines have inadequate framing and dampening systems to withstand the extreme forces generated by the direct drive system that powers the machines' drums, often allowing the Recalled Washing Machines to fail when the tub becomes disassembled from the frame during a machine's "explosion."  Moreover, the

unbalanced load warning is defective in that it fails to stop the Recalled Washing Machines' spin cycle before the machines explode.

76. Alternatively, the limitations in Samsung's warranty are unconscionable as described herein.

77. By selling Recalled Washing Machines containing these defects to consumers like Plaintiff and Class Members after it gained knowledge of the defects, Samsung breached its express warranty to provide washing machines that were free from defects.

78. Samsung also breached its express warranty to repair and correct material defects or component malfunctions in its Recalled Washing Machines when it failed to do so despite knowledge of the known defects and despite knowledge of alternative designs, alternative materials, and options for retrofits.

79. The limited warranty of repair for the Recalled Washing Machines fails in its essential purpose because the contractual remedy is insufficient to make Plaintiff and Class Members whole and because Samsung has refused to provide the promised remedies within a reasonable time.

80. Also, as alleged in more detail herein, at the time Samsung warranted and sold the Recalled Washing Machines, it knew that the Recalled Washing Machines did not conform to the warranties and were inherently defective, and Samsung wrongfully and fraudulently misrepresented and concealed material facts regarding its Washing Machines.

81.     Accordingly, Plaintiff and Class Members are not limited to the limited warranty of "repair", and Plaintiff and Class Members seek all remedies allowed by law.

82.     As more fully detailed above, Samsung knew that Plaintiff' washing machine was susceptible to malfunction but failed to provide defect-free washing machines to Plaintiff or Class Members, or to timely provide an adequate retrofit to remedy the Recalled Washing Machines.

83.     Samsung was provided with notice, and has been on notice, of the defects and of its breach of express written warranties through its own internal and external testing, as well as hundreds or thousands of consumer warranty claims reporting malfunctions in the Recalled Washing Machines, and customer complaints. Yet, Samsung failed to repair, replace, or retrofit the Recalled Washing Machines to ensure they were free of materials defects or component malfunctions as Samsung promised.

84.     As a direct and proximate result of Samsung's breach of its express warranty,

85.     Plaintiff and Class Members have suffered damages.

86.     Samsung has been unjustly enriched by keeping the profits from the sale of its unsafe washing machines while never having to incur the cost of repair.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF MAGNUSON-MOSS ACT**
**(15 U.S.C. §§ 2301-2312)–WRITTEN WARRANTY**

87.     Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

88.     The Recalled Washing Machines are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

89.     Plaintiff and Class Members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

90.     Samsung is a "warrantor" and "supplier," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

91.     Samsung provided Plaintiff and Class Members with "written warranties," as that term is defined by 15 U.S.C. § 2301(6).

92.     In its capacity as warrantor, and by the conduct described herein, any attempts by Samsung to limit the express warranties in a manner that would exclude coverage of the Recalled Washing Machines is unconscionable and any such effort to disclaim, or otherwise limit, liability for the Recalled Washing Machines is null and void.

93.     All jurisdictional prerequisites have been satisfied.

94.     By Samsung's conduct as described herein, including Samsung's knowledge of the defective Washing Machines and their action, and inaction, in the face of that knowledge, Samsung has failed to comply with its obligations under its written and implied promises, warranties, and representations.

95.     As a result of Samsung's breach of express warranties, Plaintiff and Class Members are entitled to revoke their acceptance of the Recalled Washing Machines, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF MAGNUSON-MOSS ACT
## (15 U.S.C. § 2301-2312)—IMPLIED WARRANTY

96.     Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

97.     Washing Machines are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

98.     Plaintiff and Class Members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

99.     Samsung is a "warrantor" and "supplier," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

100.     Samsung provided Plaintiff and Class Members with "implied warranties," as that term is defined by 15 U.S.C. § 2301(7).

101.     In its capacity as warrantors and by the conduct described herein, any attempt by Samsung to limit the implied warranties in a manner that would exclude coverage of the Recalled Washing Machines is unconscionable and any such effort to disclaim, or otherwise limit, liability for the Recalled Washing Machines is void.

102.     All jurisdictional prerequisites have been satisfied herein.

103.     By Samsung's conduct as described herein, including Samsung' knowledge of the defects contained within the Recalled Washing Machines and their action, and inaction, in the face of that knowledge, Samsung has failed to comply with its obligations under their written and implied promises, warranties, and representations.

104. As a result of Defendants' breach of implied warranties, Plaintiff and Class Members are entitled to revoke their acceptance of the Recalled Washing Machines, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

## SIXTH CAUSE OF ACTION
## UNJUST ENRICHMENT

105. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

106. Samsung received, and continue to receive, proceeds from their sale of the defective Recalled Washing Machines, which were purchased by Plaintiff and Class Members for an amount far greater than the reasonable value of such machines because of such machines' defects.

107. In exchange for the purchase price paid by Plaintiff and Class Members, Samsung provided the defective Recalled Washing Machines that are likely to fail within their useful lives and pose a material risk of "exploding." There is no reasonable or acceptable rate for washing machines to explode. Such defects render the Recalled Washing Machines unfit, and indeed unsafe, for their intended use.

108. Plaintiff and Class Members reasonably believed that the Recalled Washing Machines would function as advertised and warranted, and did not know, nor could have known, that the Recalled Washing Machines contained latent defects at the time of purchase.

109.     Samsung knows of and appreciate the benefit conferred by Plaintiff and Class Members and has retained that benefit notwithstanding its knowledge that the benefit is unjust.

110.     Under the circumstances, permitting Samsung to retain the proceeds and profits from the sales of the defective Washing Machines described herein would be unjust.  Hence, Samsung should be required to disgorge this unjust enrichment.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF STATE CONSUMER PROTECTION LAWS

111.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

112.     Samsung's deceptive trade practices in, *inter alia*, misrepresenting the quality and character of the Recalled Washing Machines, and selling the Recalled Washing Machines knowing same to be defective, violate the following state consumer statutes:

a.     The Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-5(2), (3), (5), (7), and (27), et seq.;

b.     The Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. § 45.50.471-45.50.561;

c.     The Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. § 44-1522;

d.     The Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a)(1)(10) and 4-88-108(1)(2) (West), et seq.;

e.     The California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 (West), et seq., and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (West), et seq.;

f.     The Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105(1)(b), (c), (e) and (g), et seq.;

g.     The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110(b), et seq.;

h.     The Delaware Consumer Fraud Act, Del. Code Ann. tit. 6, § 2513 (West), et seq.;

i.     The District of Columbia Consumer Protection Act, D.C. Code Ann. § 28-3904(a), (d), (e), (f) and (r) (West), et seq.;

j.     The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204(1), et seq.;

k.     The Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-393(a) and (b)(2), (3), (5), and (7) (West), et seq.;

l.     The Hawaii Deceptive Trade Practices Act, [§ 481A-3]. Deceptive trade practices, HI ST § 481A-3, et seq., and the Hawaii Consumer Protection Act, § 480-2. Unfair competition, practices, declared unlawful, HI ST § 480-2, et seq.;

m.     The Idaho Consumer Protection Act, Idaho Code § 48-603(5), (7), (17) and (18), et seq., and Idaho Code § 48-603C, et seq.;

n.     The Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 Ill. Stat. § 505/2, et seq., and the Illinois Uniform Deceptive Trades Practices Act, 815 Ill. Stat. §§ 510/2(a)(5), (7) and (12), et seq.;

o.     The Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-3(a) and (b)(1) and (2), et seq.;

p.     The Iowa Consumer Fraud Act, I.C.A. §§ 714H.3 and 714H.5, et seq.;

q.     The Kansas Consumer Protection Act, Kan. Stat. Ann. § 50-626(a) and (b)(1)(A)(D) and (b)(3) (West), et seq.;

r.     The Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.170(1) and (2) (West), et seq.;

s.     The Louisiana Unfair Trade Practices and Consumer Protection Law, La. Stat. Ann. § 51:1405(A), et seq.;

t.    The Maine Uniform Deceptive Trade Practices Act, Me. Stat. tit. 10, § 1212(1)(E) and (G), et seq., and the Maine Unfair Trade Practices Act, Me. Stat. tit. 5, § 207, et seq.;

u.    The Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2(a), et seq.;

v.    The Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301(1) and (2)(i)-(ii), and (iv), (5)(i), and (9)(i) (West), et seq.;

w.    The Michigan Consumer Protection Act, M.C.P.L.A. §§ 445.903(1)(c)(e), (s) and (cc), et seq.;

x.    The Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44, subd. 1(5), (7) and (13), et seq., and the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1, and Minn. Stat. § 8.31, subd. 3(a);

y.    The Mississippi Consumer Protect Act, Miss. Code. Ann. § 75-24-5(1), (2)(b), (c), (e), and (g) (West), et seq.;

z.    The Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020(1), et seq.;

aa.    The Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. § 30-14-103 (West), et seq.;

bb.    The Nebraska Consumer Protection Act, Neb. Rev. Stat. § 591602, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. Ann. § 87-302(a)(5) and (7) (West), et seq.;

cc.    The Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0915(5) and (7), et seq.;

dd.    The New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A:2(v) and (vii), et seq.;

ee.    The New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2 (West), et seq.;

ff.    The New Mexico Unfair Practices Act, § 57-12-2. Definitions, NM ST § 57-12-2, et seq.;

gg. The New York Business Law, N.Y. Gen. Bus. Law § 349(a) (McKinney);

hh. The Texas Unfair Trade Practices Act, N.C. Gen. Stat. § 75-1.1(a), et seq.;

ii. The North Dakota Unlawful Sales or Advertising Practices Act, N.D. Cent. Code § 51-15-02, et seq.;

jj. The Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.02(A) and (B)(1) and (2) (West), et seq.;

kk. The Oklahoma Consumer Protection Act, 15 O.S. §§ 753(5), (7) and (20), et seq.;

ll. The Oregon Unfair Trade Practices Act, Or. Rev. Stat. § 646.608(1)(e)(g) and (u), et seq.;

mm. The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-2(4)(v)(vii) and (xxi), and 201-3, et seq.;

nn. The Rhode Island Deceptive Trade Practices Act, 6 R.I. Gen. Laws § 6-13.1-1(6)(v), (vii), (xii), (xiii) and (xiv), et seq.;

oo. The South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20(a), et seq.;

pp. The South Dakota Deceptive Trade Practices Act and Consumer Protection Act, S.D. Codified Laws § 37-24-6(1), et seq.;

qq. The Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104(a), (b)(2), (3), (5), and (7) (West), et seq.;

rr. The Texas Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.46(a), (b)(5) and (7) (West), et seq.;

ss. The Utah Consumer Sales Practices Act, Utah Code Ann. § 13-11-4(1), (2)(a), (b), and (i) (West) et seq.;

tt. The Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, § 2453(a) (West), et seq.;

uu. The Virgin Islands Consumer Protection Law, § 101 Unfair trade practices prohibited, 12A V.I.C. § 101, et seq.;

vv. The Virginia Consumer Protection Act, Va. Code Ann. § 59.1-200(A)(5)(6) and (14) (West), et seq.;

ww. The Washington Consumer Protection Act, Wash. Rev. Code § 19.86.020, et seq.;

xx. The West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-104, et seq.; and

yy. The Wyoming Consumer Protection Act, Wyo. Stat. Ann. § 40-12-105(a), (i), (iii) and (xv) (West), et seq.

113. By this Cause of Action, Plaintiff plead on behalf of the Class violations of all the foregoing consumer and deceptive trade practice laws.

## EIGHTH CAUSE OF ACTION
### FRAUD

114. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

115. Upon discovering that him Samsung washing machine was subject to recall, Plaintiff contacted Samsung to repair or replace the washing machine. Samsung represented in their recall notice that they would repair any Recalled Washing Machine free of charge to the consumers, including Plaintiff.

116. The truth is that Samsung cannot repair these washing machines. They can perform a retrofit that will reinforce the washing machines, but it will not allow consumers to use these washing machines for the purposes for which they were advertised and purchased. In addition, as part of their agreement with the Consumer Protection Safety Commission, any washing machine that cannot be repaired must be replaced by Samsung at no cost to the consumer. As a result, Samsung is doing

everything in its power to keep consumers from accepting the repair option, including scheduling repairs and then having them cancelled, failing to return phone calls for those who wish to schedule repairs, and other stalling tactics, in order to force consumers to accept the rebate option, thereby freeing Samsung from the obligation to replace the washing machines once it becomes apparent that the repair does not fully fix the problem.

117. Upon information and belief, Samsung had no intention of keeping their representation that they would repair Plaintiff' defective washing machines, since it is in Samsung's financial interest to force Plaintiff and other Class Members to use Samsung's proffered rebate to purchase a new Samsung washing machine, or to use Samsung's proffered rebate of a lesser amount to purchase another brand of washing machine. Samsung is motivated by the fact that the cost of the rebate is, on information and belief, less expensive than the cost of repair to the Recalled Washing Machines.

118. In addition, Samsung is unable to repair the Recalled Washing Machines. Even after the retrofit is done and the top of each washing machine is reinforced, consumers are still unable to use their washing machines as intended. As a result, Samsung would owe every consumer who has their Recalled Washing Machine repaired a full refund or a new washing machine immediately after the repair has been completed. *See* http://www.click2houston.com/consumer/feds-say-samsung-not-following-consumer-product-safety-commission-agreement.

119. At the time Samsung made the representation that they would repair their Recalled Washing Machines, they were fully aware of the cost savings Samsung would benefit from by "encouraging" owners of the Recalled Washing Machines, including

Plaintiff, to take the proffered rebate rather than having their existing washing machine repaired. As a result, Samsung intentionally made it difficult, if not impossible, for Plaintiff and other Class Members to obtain retrofits for their Samsung washing machines, hoping consumers would choose to accept the rebate option instead of a retrofit.

120.    Lastly, Samsung is telling consumers that if they purchased their Recalled Washing Machine within thirty (30) days of the recall, then they are eligible for a full refund or replacement. This is not true. Samsung simply refers consumers back to the store they purchased their Recalled Washing Machine from, and if the store will not provide a refund or replacement, Samsung will only offer the repair or rebate options listed in the recall notice of November 4, 2016.

121.    As a result of Samsung's fraud, Plaintiff and Class Members are entitled to full compensation for the loss of their Recalled Washing Machines, including time lost in seeking to have the Recalled Washing Machines repaired, and time and money spent finding other means to wash their belongings while they waited for Samsung to repair their Recalled Washing.

## NINTH CAUSE OF ACTION
## STRICT LIABILITY

122.    Menzer re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

123.    Samsung is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling home appliances, and did

design, manufacture, distribute, advertise, market, promote and/or sell the Recalled Washing Machines at issue herein.

124. Samsung's Washing Machines were expected to and did reach Menzer and Class Members without substantial change in the condition in which they were manufactured, sold and distributed.

125. The Recalled Washing Machines were in a defective and unreasonably dangerous condition when they left Samsung's possession or control in that, under normal conditions, usage and applications, they could not withstand the use for which they were intended.

126. Menzer and Class Members used the subject Washing Machines in a manner reasonably intended by Samsung.

127. The Recalled Washing Machines were defective because they were not safe for ordinary and intended use; Samsung failed to provide Menzer and Class Members either directly or indirectly, with adequate and sufficient warning regarding the known or foreseeable risks and dangers inherent in the Recalled Washing Machines; the Recalled Washing Machines contained material design, materials, and manufacturing defects and were not reasonably safe due to such defects; the design, methods of manufacture, and testing of the Recalled Washing Machines did not conform to generally recognized and prevailing standards or the state of the art in existence at the time the design was made and the Recalled Washing Machines were manufactured; and at the time the Recalled Washing Machines left Samsung's control, the foreseeable risks associated with the Recalled Washing Machines' design exceeded the benefits associated with that design.

128. Menzer and Class Members have suffered property damage and other incidental and consequential damages as a direct and proximate result of the defective condition.

129. Samsung acted with malice, oppression and/or fraud, and in conscious and flagrant disregard of the safety of their consumers, by manufacturing and selling the Recalled Washing Machines known to them to be defective and unreasonably dangerous. As alleged, Samsung knew or should have known that the Defects would cause their washing machines to fail, flood, damage the Recalled Washing Machine and other property, and threaten the personal safety of consumers. Samsung knew or was repeatedly informed of the serious defects in the Recalled Washing Machines, yet failed to take any remedial action and instead continued to sell this defective product. Given Samsung's conscious disregard for the safety of the public, Menzer and Class Members seek exemplary or punitive damages.

**WHEREFORE,** Plaintiff individually and on behalf of the above defined Class, by and through counsel, pray the Court grant the following relief:

A. An Order certifying this action as a class action pursuant to Fed. R. Civ. P. 23;

B. An Order appointing Gee as representative for the Class and appointing him counsel as lead counsel for the Class;

C. An order awarding Plaintiff and all other Class Members damages in an amount to be determined at trial for the wrongful acts of Samsung described herein;

D.     An Order enjoining Samsung, its agents, successors, employees, and other representatives, from engaging in or continuing to engage in the manufacture (in the case of Samsung), marketing, and sale of the defective Recalled Washing Machines; requiring Samsung to issue corrective actions including notification, recall, service bulletins, and fully-covered replacement parts and labor, or replacement of the Recalled Washing Machines; and requiring Samsung to preserve all evidence relevant to this lawsuit and to notify Recalled Washing Machine owners, with whom it comes in contact of the pendency of this and related litigation;

E.     Restitution as authorized by law;

F.     Payment to the Class of all damages associated with the replacement of the defective products and parts, in an amount to be proven at trial;

G.     Payment to the Class of all damages associated with lost time in attempting to get Samsung to abide by the terms of the recall;

H.     Payment to the Class of all damages associated with the Class's inability to use their Recalled Washing Machines such as fees from renting a washing machine or using a laundromat;

I.     An assessment of punitive damages, consistent with the actual harm Samsung has caused and the reprehensibility of its wanton and willful conduct, and the need to punish and deter such conduct;

J.     An order awarding attorney's fees pursuant to applicable Federal and State law;

K.     Interest as provided by law, including but not limited to pre judgment and post-judgment interest as provided by rule or statute; and

L.     Any and all other and further relief as this Court deems just, equitable, or proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:     March 10, 2017                    Respectfully submitted,

S/Gary S. Menzer
Gary S. Menzer (Florida Bar No. 60386)
gmenzer@menzerhill.com
S/Michael S. Hill
Michael S. Hill (Florida Bar No. 37068)
mhill@menzerhill.com
**MENZER & HILL, P.A.**
7280 W. Palmetto Pk. Rd. Ste 301-N
Boca Raton, FL 33433
Telephone:  (561) 327-7207
Facsimile:    (561) 880-8449

William B. Federman
WBF@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Ave.,
Oklahoma, City, OK 73120
Telephone:  (405) 235-1560
Facsimile:    (405) 239-2112

*Attorneys for Plaintiff*