# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: SAMSUNG TOP-LOAD WASHING MACHINE MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | )<br>)<br>)<br>)<br>)    MDL Case No. 17-ml-2792-D<br>)<br>)<br>)<br>) |

## CASE MANAGEMENT ORDER

The Court, having considered the Proposed Case Management Orders submitted by the parties and Defendants' Motion for Entry of Defendants' Proposed Case Management Order [Doc. No. 71],[1] hereby orders as follows:

**I.    SCOPE OF THIS ORDER**

This Case Management Order ("CMO") shall govern the practice and procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Orders of October 4, 2017 and October 13, 2017 (collectively, the "MDL Transfer Order"). This CMO shall also apply to any "tag-along actions" later filed in, removed to, or transferred to this MDL Court. A copy of this CMO shall be filed in each such case.[2]

---

[1] Defendants' Motion for Entry of Defendants' Proposed Case Management Order is denied.

[2] To the extent its provisions are not inconsistent with this CMO, the Court's previous Order setting interim guidelines for practice and procedures remains in effect. *See* Order [Doc. No. 6] of October 13, 2017, pp. 5-10.

All actions in this matter shall be governed by the Federal Rules of Civil Procedure and the Local Rules for the Western District of Oklahoma. The provisions of this CMO and any future CMO, however, shall supersede any inconsistent provisions of the Court's Local Rules.

## II. PRETRIAL CONSOLIDATION

All cases in this MDL are consolidated for pretrial purposes. This is not a determination that any of these actions should be consolidated for trial.

## III. FILING PAPERS WITH THE COURT

The filing procedures outlined in the Court's Order [Doc. No. 6], are hereby adopted for the duration of the MDL proceeding, to wit:

> All orders, pleadings, motions, and other documents shall bear the same caption as this Order. If a document is generally applicable to all consolidated actions, the caption shall include the notation that it relates to "ALL CASES," and the Clerk will file and docket the document only in the master record, Case No. 17-ml-2792-D. If a document is intended to apply only to a particular case or cases, then one case shall be specifically captioned (the primary or first case, if applicable), and all cases to which the document applies shall be listed as "Related Cases" in an appendix to the document, separately tabbed and made easily identifiable to the Clerk of the Court.
>
> All filings shall be done electronically using the Case Management/Electronic Case Files system (ECF), in accordance with the *Electronic Filing Policies & Procedure Manual* for the United States District Court for the Western District of Oklahoma. Service through ECF shall be deemed sufficient with no additional service required, with the exception of new Complaints filed and Subpoenas issued, which shall be done in accordance with the Federal Rules of Civil Procedure. Questions about filings in this case may be directed to this Court's MDL clerks:
>
> > Mike Bailey
> > (405) 609-5122
> > mike_bailey@okwd.uscourts.gov
> > or

> Missy Liston
> (405) 609-5052
> missy_liston@okwd.uscourts.gov
> Western District of Oklahoma
> Office of the Court Clerk

Order [Doc. No. 6], October 13, 2017, at 6-7 (footnote omitted).

### IV. GENERAL PROVISIONS

1. All parties consent to electronic service of any document filed in this MDL.

2. All parties shall take reasonable steps to preserve documents and other records (including electronic documents) containing information potentially relevant to the subject matter of this litigation.

3. Unless the Court directs or approves other briefing schedules, the briefing schedule for all motions filed shall be as set forth in the Federal Rules of Civil Procedure and the Local Rules for the Western District of Oklahoma.

4. All parties have an ongoing obligation to meet and confer with Plaintiffs' Lead Counsel and Defendants' Liaison Counsel and any other party to whom a motion may be directed on any application or motion in an effort to resolve outstanding issues before bringing them to the Court.

### V. MASTER PLEADINGS

Based on a review of the parties' submissions, the Defendants' Motion for Entry of Defendant's Proposed Case Management Order, and the status of the existing underlying cases in this MDL, the Court determines that a Master Consolidated Complaint will not

substantially further judicial economy or efficiency, and thus will not be used at this time.[3] Accordingly, this Order supersedes in part the Court's previous Order [Doc. No. 65] regarding the disposition of certain contested issues.

## VI. GENERAL PLEADING ISSUES

1. The stay in the following cases is lifted and any existing Scheduling Orders are vacated:

   a. *Wagner v. Samsung Electronics America, Inc., et al.*,
      No. 5:17-CV-01099-D
   b. *Moore v. Samsung Electronics America, Inc., et al.*,
      No. 5:17-CV-01087-D
   c. *Troyan v. Samsung Electronics America, Inc., et al.*,
      No. 5:17-CV-01096-D
   d. *Wells-Higginbotham v. Samsung Electronics America, Inc., et al.*,
      No. 5:17-CV-00046-D
   e. *Alexander v. Samsung Electronics America, Inc., et al.*,
      No. 5:17-CV-01111-D
   f. *McCabe v. Samsung Electronics America, Inc., et al.*,
      No. 5:17-CV-01110-D

2. *Cooper v. Samsung Electronics America, Inc., et al.*, No. 5:17-CV-01080-D, is hereby reopened.

3. For the cases reopened or regarding which the stay is lifted pursuant to this CMO, and which do not have pending motions under Fed. R. Civ. P. 12, Defendants, through their leadership structure, shall jointly file their Answers, Fed. R. Civ. P. 12 motions, or other responsive pleadings within sixty (60) days of this Order.

---

[3] The parties' proposed Case Management Orders and related briefing disclosed that the Plaintiffs' draft Master Consolidated Complaint is 669 pages long—the Court is doubtful that such a pleading would promote efficiency and judicial economy. However, the Consolidated Complaint previously filed in the *Wells-Higginbotham* action [Doc. No. 15] shall remain the operative pleading in that matter.

4. For any cases included in this MDL subsequent to the entry of this Order, Defendants, through their leadership structure, shall jointly file their Answers, Fed. R. Civ. P. 12 motions, or other responsive pleadings within thirty (30) days of (1) the date of proper service on Defendants if the case is filed in the Western District of Oklahoma or transferred to and docketed in the MDL prior to proper service being accomplished, or (2) the date the new case is docketed in the MDL if Defendants were previously served, whichever period is longer.

5. Plaintiffs' responses to any responsive pleadings or motions are due within thirty (30) days of the service of such responsive pleadings or motions. Defendants' joint replies, as authorized by Local Rule 7.1(i), will be due no later than fourteen (14) days after Plaintiffs' responses are filed.

6. With respect to any motion practice, Defendants, through their leadership structure, will file a single brief.[4] Likewise, Plaintiffs, through their leadership structure, will file a single brief.

7. The following cases, which the parties agreed would be stayed pending resolution of *Wells-Higginbotham*,[5] will remain so stayed and are hereby administratively closed:

---

[4] Exceptions to this practice, such as to accommodate instances in which the positions of certain Defendant groups may be in conflict, will only be granted upon motion and a showing of good cause.

[5] *See Agreed Motion to Consolidate Cases* at 2-3, *Wells v. Samsung Electric America, Inc., et al.*, 5:17-CV-00046-D (W.D. Okla. Mar. 14, 2017), ECF No. 8; *Motion to Consolidate Cases* at 2-3, *Higginbotham v. Samsung Electric America, Inc., et al.*, 5:17-CV-00102-D (W.D. Okla. Mar. 14, 2017), ECF No. 18; *Memorandum in Support of*

a. *Hinkhouse v. Samsung Electronics America, Inc. et al.*,
   No. 5:17-CV-01091-D
b. *Soria v. Samsung Electronics AmeNica, Inc. et al.*,
   No. 5:17-CV-1081-D
c. *Madrid v. Samsung Electronics America, Inc. et al.*,
   No. 5:17-CV-01095-D
d. *Sewell v. Samsung Electronics America, Inc. et.al.*,
   No. 5:17-CV-00434-D
e. *Mulford v. Samsung Electronics AmeNica, Inc. et al.*,
   No. 5:17-CV-01085-D
f. *Bradley v. Samsung Electronics America, Inc. et al.*,
   No. 5:17-CV-01104-D
g. *Mikrut v. Samsung Electronics America, Inc. et al.*,
   No. 5:17-CV-01100-D
h. *Pronstroller v. Samsung Electronics America, Inc., et al.*,
   No. 5:17-CV-01101-D
i. *Hansen v. Samsung Electronics America, Inc., et al.*,
   No. 5:17-CV-00513-D
j. *Menzer v. Samsung ElectNonics America, Inc., et al.*,
   No. 5:17-CV-00409-D
k. *Allen v. Samsung Electronics America, Inc., et al.*,
   No. 5:17-CV-01098-D
l. *Lane v. Samsung Electronics America, Inc., et al*,
   No. 5:17-CV-01056-D

---

*Unopposed Motion to Stay Proceedings* at 3, *Allen v. Samsung Electronics America, Inc., et al.*, 5:17-CV-01098-D (W.D. Okla. June 27, 2017). ECF No. 20-1; *Unopposed Motion to Stay Proceedings* at 2, *Lane v. Samsung Electronics America, Inc., et al.,* 5:17-CV-01056-D (W.D. Okla. May 10, 2017), ECF No. 3; *Unopposed Motion to Stay Proceedings* at 3, *Kellas v. Samsung Electronics America, Inc., et al.*, 5:17-CV-01092-D (W.D. Okla. May 10, 2017), ECF No. 4; *Unopposed Motion to Stay Proceedings* at 2, *Sanda v. Samsung Electronics America, Inc., et al.*, 5:17-CV-01088-D (W.D. Okla. May 10, 2017), ECF No. 6; *Plaintiff's Unopposed Motion to Stay Proceedings and Memorandum in Support* at 2, *Fraker v. Samsung Electronics America, Inc., et al.,* 5:17-CV-01084-D (W.D. Okla. May 19, 2017), ECF No. 5; *Unopposed Motion to Stay Proceedings* at 2, *Zamora v. Samsung Electronics America, Inc., et al.,* 5:17-CV-01105-D (W.D. Okla. May 10, 2017), ECF No. 9; *Unopposed Motion to Stay Proceedings* at 2, *Jacobs v. Samsung Electronics America, Inc., et al.,* 5:17-CV-01079-D (W.D. Okla. May 15, 2017), ECF No. 4; *Memorandum of Points and Authorities In Support of Unopposed Motion To Stay Proceedings* at 3, *Raabe v. Samsung Electronics America, Inc., et al.*, 5:17-CV-01086-D (W.D. Okla. June 7, 2017), ECF No. 4-1; *Unopposed Motion to Stay Proceedings* at 2, *Anderson v. Samsung Electronics America, Inc., et al.*, No. 5:17-CV-01094-D (W.D. Okla. May 18, 2017), ECF No. 6.

  m. *Kellas v. Samsung Electronics America, Inc., et al.*,
No. 5:17-CV-01092-D
  n. *Sanda v. Samsung Electronics America, Inc., et al.*,
No. 5:17-CV-01088-D
  o. *Fraker v. Samsung Electronics America, Inc., et al.*,
No. 5:17-CV-01084-D
  p. *Zamora v. Samsung Electronics America, Inc., et al.*,
No. 5:17-CV-01105-D
  q. *Jacobs v. Samsung Electronics America, Inc., et al.*,
No. 5:17-CV-01079-D
  r. *Raabe v. Samsung Electronics America, Inc., et al.*,
No. 5:17-CV-01086-D
  s. *Anderson v. Samsung Electronis America, Inc., et al.*,
No. 5:17-CV-01094-D

The Court anticipates that the parties will be instructed to show cause why any disposition of claims in *Wells-Higginbotham* through Rule 12 motions should not be applied to these underlying cases.[6]

## VII. DISCOVERY

Pursuant to the Court's previous Order [Doc. No. 65], the stay of discovery was partially lifted as of January 12, 2018.[7] The parties are permitted to engage in non-expert written fact discovery until the Court's ruling on any currently pending Fed. R. Civ. P. 12 motions or such motions which are subsequently filed in the underlying cases pursuant to this CMO. The parties may proceed with the following discovery procedures:

---

[6] The stay with respect to these cases may be revisited after resolution of the Rule 12 motions currently pending in *Wells-Higginbotham.*

[7] The Court's Order was clear that limited discovery was to begin as of January 12, 2018, during the pendency of any Rule 12 motions that have been or will be filed. The Defendants' apparent interpretation of the January 12, 2018, Order to the contrary was, at the very least, strained. To be perfectly clear, written discovery in this MDL is open.

written discovery limited to initial disclosures, requests for admissions, interrogatories, and requests for production of documents and things pursuant to Fed. R. Civ. P. 26 through 36.

*See* Order [Doc. No. 65] at 2. Discovery conducted in this MDL will be applicable to all underlying cases.

**VIII. STATUS CONFERENCES**

The court will convene status conferences *sua sponte* or at the request of Plaintiffs' Lead Counsel or Defendants' Liaison Counsel, subject to the discretion of the Court. To aid the Court and the parties in preparing for such conferences, Plaintiffs' Lead Counsel and Defendants' Liaison Counsel shall confer at least ten (10) calendar days prior to each status conference and attempt to reach agreement on a proposed agenda for the conference. The parties shall submit a joint agenda to the extent they agree and separate agendas for items on which they do not agree, not less than five (5) business days prior to the conference. The agendas are intended to aid and apprise the Court of the items or issues that the parties intend to raise at the status conference. The Court may amend the agendas as it deems appropriate.

Counsel may arrange to participate in any status conference via telephone by calling *CourtCall* at (866) 582-6878 not later than 3:00 p.m. central at least two business days prior to the Status Conference date. Any request for a telephone appearance made after the above deadline must be Court approved by contacting Judge DeGiusti's Deputy Court Clerk, Mike Bailey, at (405) 609-5122. Counsel who participate via conference call must mute their telephone at all times, unless they are addressing the Court.

## IX. HEARINGS

To obtain a hearing date for motions, including dispositive motions, Plaintiffs' Lead Counsel and Defendants' Liaison Counsel shall meet and confer on dates available to counsel. Once they have agreed to several potential dates, counsel for the moving party shall call or email the Court's Courtroom Deputy or Case Manager to obtain a hearing date.

**IT IS SO ORDERED** this 12th day of March, 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE